1  WILLIAM J. FRIMEL (Bar No. 160287)
   bill.frimel@dlapiper.com
2  RAJIV DHARNIDHARKA (Bar No. 234756)
   rajiv.dharnidharka@dlapiper.com
3  DLA PIPER US LLP
   2000 University Avenue
4  East Palo Alto, CA 94303
   Tel: 650.833.2000
5  Fax: 650.833.2001

6  Attorneys for Plaintiffs Daniel Doles and
   Crosspoint Venture Partners 1996, LLP, each
7  as the representative of former WhereNet
   Corp. Shareholders

8

   E-filing
   FILED
   JUL 18 2008
   RICHARD W. WIEKING
   CLERK, U.S. DISTRICT COURT
   NORTHERN DISTRICT OF CALIFORNIA

   ADR

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

DANIEL DOLES and CROSSPOINT VENTURE PARTNERS 1996, LLP, a California limited liability partnership, acting together and solely in their capacity as the representative for the former WhereNet Shareholders,

Plaintiff,

v.

ZEBRA TECHNOLOGIES CORPORATION, a Delaware corporation,

Defendant.

CASE NO. C08 03469 RS

**COMPLAINT FOR DECLARATORY RELIEF (28 U.S.C. §§ 2201-2202)**

Plaintiff Daniel Doles and Crosspoint Venture Partners 1996, LLP (collectively "Shareholders' Representative" or "Plaintiff"), acting together and solely in their capacity as the representative of former WhereNet Corp. Shareholders ("Shareholders"), allege:

### JURISDICTION, VENUE & INTRADISTRICT ASSIGNMENT

1.   This Court has jurisdiction pursuant to 28 U.S.C. § 1332 by reason of diversity of citizenship between Plaintiff and Defendant Zebra Technologies Corporation ("Zebra" or "Defendant") and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

-1-

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) and (c) in that the majority of the claims herein arose in this District and Defendant has sufficient contacts with this District to make it subject to personal jurisdiction in this District.

3. Under the operative agreements, Plaintiff and Defendant submitted to the exclusive jurisdiction of any state or federal court sitting in Santa Clara County for any action or proceeding arising out of or relating to the agreements.

## THE PARTIES

4. Dan Doles, an individual residing in California, and Crosspoint, a California limited liability partnership, are together the Shareholders' Representative under the terms of the Agreement and Plan of Merger by and among Zebra Technologies Corporation, Waldo Acquisition Corp., and WhereNet Corp., dated as of January 11, 2007 ("Merger Agreement").

5. Plaintiff is informed and believes, and based thereon alleges, that Defendant Zebra is, and at all relevant times was, a Delaware corporation, organized and validly existing under the laws of the State of Delaware, with its principal place of business in Illinois.

## BACKGROUND ALLEGATIONS

6. Prior to the Merger Agreement, WhereNet Corporation ("WhereNet") was a California corporation, providing real time tracking infrastructure, tracking devices and tracking software, utilizing radio frequency identification ("RFID") technology. WhereNet employed an enterprise sales business model.

7. In or about April, 2004, WhereNet entered into a Purchase and License Agreement with SSA Marine, Inc. In or about December, 2005, WhereNet entered into a Purchase and License Agreement with SSA Terminals, LLC (collectively the "SSA Agreements").

8. In or about June, 2002, WhereNet entered into a Purchase and License Agreement with APL Co. PTE Ltd. ("APL") (the "APL Agreement").

9. Plaintiff is informed and believes, and based thereon alleges, that prior to the Merger Agreement, Zebra was in the barcode printer business and sold product through value added resellers.

10. In or around August 2006, Zebra expressed an unsolicited interest in acquiring WhereNet.

11. After several months, Zebra, Waldo Acquisition Corp., and WhereNet entered into the Merger Agreement. Both Defendant and Plaintiff are parties and signatories to the Merger Agreement, which is a valid and enforceable contract.

12. Under Section 11.9 of the Merger Agreement, Plaintiff and Defendant submitted to the exclusive jurisdiction of any state or federal court sitting in Santa Clara County for any action or proceeding arising out of or relating to the Merger Agreement.

13. Exhibit 1 to the Merger Agreement is a separate Escrow Agreement ("Escrow Agreement"). Both Defendant and Plaintiff are parties and signatories to the Escrow Agreement, which is a valid and enforceable contract.

14. Under Section 21 of the Escrow Agreement, Plaintiff and Defendant submitted to the exclusive jurisdiction of any state or federal court sitting in Santa Clara County for any action or proceeding arising out of or relating to the Escrow Agreement.

15. Pursuant to the terms of the Escrow Agreement, Defendant deposited $13,600,000 into an escrow account with JPMorgan Chase Bank, N.A. ("Escrow Agent") on or about the time of closing of the transaction. The $13,600,000 plus any Post-Closing Adjustment payable to the Shareholders pursuant to Section 3.4 of the Merger Agreement, plus all earnings on the foregoing from the investment thereof in accordance with the terms of the Escrow Agreement, less authorized disbursements or payments thereof made in accordance with the Escrow Agreement constitute the Escrow Funds ("Escrow Funds"). The Escrow Funds were and are held and disbursed by the Escrow Agent in accordance with the terms and conditions of the Merger and Escrow Agreements.

16. In 2007, Zebra acquired Navis, a company that competes with Tideworks, an affiliated sister company to SSA. Defendant was advised by the Shareholders that its then-planned acquisition of Navis would adversely affect the relationship between Defendant/WhereNet and SSA.

17. On or about January 24, 2008, Zebra sent a letter to Plaintiff ("Demand Letter") asserting that (1) former Shareholders misrepresented and breached representations and warranties in the Merger Agreement; and (2) third party claims and demands had been asserted against it/WhereNet that related to the alleged misrepresentations and breaches of the representations and warranties in the Merger Agreement.

18. After receiving an extension of time from Zebra to respond to the Demand Letter, on or about March 6, 2008, the Shareholders' Representative provided a letter to Defendant disputing all of Defendant's claims ("Dispute Notice"). The Dispute Notice contains considerable detail beyond the level of detail required by the Merger Agreement and/or the Escrow Agreement.

19. Defendant has never responded to Plaintiff's Dispute Notice.

20. On May 1, 2008, counsel for the parties met in person in Chicago, Illinois in an effort to resolve the dispute.

21. On June 5, counsel for the parties, along with former WhereNet employees, met in Palo Alto, California in an effort to resolve the dispute.

22. The parties, through counsel, have further met and conferred, telephonically and via electronic mail.

23. The parties have not resolved their dispute under the Merger Agreement and Escrow Agreement and Defendant refuses to permit the release of the balance of the Escrow Funds to Plaintiff.

24. Zebra has and continues to claim that it is entitled to recover all of the Escrow Funds for the following reasons.

25. Zebra claims that before the Merger Agreement was signed, WhereNet's books and records failed to accurately reflect the transactions of, acquisitions and disposition of assets by, and incurrence of liabilities by WhereNet.

26. Zebra claims that before the Merger Agreement was signed, WhereNet's financial statements failed to accurately present the financial condition, assets and liabilities of WhereNet in accordance with GAAP.

27. Zebra claims that before the Merger Agreement was signed, the reserves reflected in WhereNet's financial statements were not adequate, appropriate or reasonable.

28. Zebra claims that before the Merger Agreement was signed, WhereNet's obligations under the SSA Agreements and APL Agreement constituted Liabilities that were not incurred in the ordinary course of business consistent with past practice.

29. Zebra claims that before the Merger Agreement was signed, WhereNet's non-performance under the SSA Agreements and APL Agreement represented one or more defaults by WhereNet under the SSA Agreements and the APL Agreement.

30. Zebra claims that before the Merger Agreement was signed, WhereNet's non-performance under the SSA Agreements and APL Agreement made the SSA Agreements and the APL Agreement subject to claims, charges, set-offs or defenses.

31. Zebra claims that before the Merger Agreement was signed, the SSA Agreements and APL Agreement could reasonably have been expected to be adverse to WhereNet's business.

32. Zebra claims that before the Merger Agreement was signed, WhereNet's non-performance under the SSA Agreements and APL Agreement constituted one or more defects in the Software owned or used by WhereNet.

33. Zebra claims that before the Merger Agreement was signed, WhereNet's non-performance under the SSA Agreements and APL Agreement constituted one or more errors in any of the Design Documentation for WhereNet's Software.

34. Zebra claims that the defects and errors referenced in paragraphs 32 and 33 have adversely affected the use or functioning of WhereNet's Software and Design Documentation.

35. Zebra claims that before the Merger Agreement was signed, WhereNet did not disclose in the Schedules to the Merger Agreement that SSA had a dispute with WhereNet and SSA adversely modified its relationship with WhereNet.

36. Zebra claims that before the Merger Agreement was signed, WhereNet did not disclose in the Schedules to the Merger Agreement that WhereNet had received notice, or had knowledge, that SSA intended to adversely modify its relationship with WhereNet.

37. Zebra claims that SSA and APL were no longer referenceable customers before the Merger Agreement was signed.

38. Zebra claims that WhereNet's non-performance before the Merger Agreement was signed has allowed SSA to properly withhold payment under one or both of the SSA Agreements.

39. Zebra claims that because of WhereNet's non-performance before the Merger Agreement was signed, SSA has asserted claims for which Zebra and/or WhereNet are liable.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief 28 U.S.C. §§ 2201-2202)

40. Plaintiff re-alleges and incorporates by reference as though fully set forth herein each and every allegation contained in paragraphs 1 through 39 of this Complaint.

41. An actual controversy has arisen and now exists between Plaintiff and Defendant with respect to the release and distribution of the Escrow Funds.

42. Defendant contends that it is entitled to all of the Escrow Funds.

43. Plaintiff contends that the Shareholders are entitled to all of the Escrow Funds.

44. Plaintiff seeks a judicial determination of its rights and obligations with respect to the Merger Agreement, the Escrow Agreement and the Escrow Funds.

45. A judicial determination is necessary and appropriate at this time for each party to ascertain its rights and obligations with respect to the Merger and Escrow Agreements and the Escrow Funds. Considerations of practicality and wise judicial administration favor declaratory relief as the means to settle this controversy. No better or more effective alternative remedy exists.

Wherefore Plaintiff prays for relief as set forth below.

///
///
///
///
///
///

## PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendant as follows:

1. For a declaration that the Shareholders, through Plaintiff, are entitled to the remainder of the Escrow Funds;

2. For costs of suit herein incurred; and

3. For such other and further relief as the Court may deem just and proper.

Dated: July 18, 2008

DLA PIPER US LLP

By _____
WILLIAM J. FRIMEL
RAJIV DHARNIDHARKA
Attorneys for Plaintiff Daniel Doles and Crosspoint Venture Partners 1996, LLP, acting together and solely in their capacity as the representative of the former WhereNet Corp. Shareholders

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: July 18, 2008

DLA PIPER US LLP

By _____
WILLIAM J. FRIMEL
RAJIV DHARNIDHARKA
Attorneys for Plaintiff Daniel Doles and Crosspoint Venture Partners 1996, LLP, acting together and solely in their capacity as the representative of the former WhereNet Corp. Shareholders

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Daniel Doles and Crosspoint Venture Partners 1996, LLP

## DEFENDANTS
Zebra Technologies Corporation

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Lake County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
William J. Frimel & Rajiv Dharnidharka
DLA Piper US LLP
2000 University Avenue
East Palo Alto, CA 94303
650.833.2000

Attorneys (If Known)
Matthew Brown & Jenny Johnson
Katten Muchin Rosenman LLP
525 W. Monroe Street
Chicago, IL 60661-3693

C08 03469 RS
E-filing
ADR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|                                      | PTF | DEF |                                                                       | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State                | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State         | [x] 4 | [ ] 4 |
| Citizen of Another State             | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State     | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation                                                      | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| [ ] 110 Insurance | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | PROPERTY RIGHTS | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 330 Federal Employers' Liability | | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 190 Other Contract | | | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [x] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | IMMIGRATION | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 463 Habeas Corpus – Alien Detainee | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Sections 2201-2202
Brief description of cause:
Declaratory Relief

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE: July 18, 2008
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

American LegalNet, Inc.
www.FormsWorkflow.com